T.C. Memo. 1996-426


UNITED STATES TAX COURT


ESTATE OF HELEN G. WILLIAMSON, DECEASED,
DOUGLAS F. WOODS, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20857-94.                    Filed September 19, 1996.


Richard J. Sideman and Wendy Abkin, for petitioner.

Elizabeth L. Groenewegen and Rebecca T. Hill, for

respondent.


MEMORANDUM OPINION

KÖRNER, Judge:  This case is before the Court on

petitioner's motion for partial summary judgment under Rule 121.

All statutory references are to the Internal Revenue Code in

effect as of the date of decedent's death, and all Rule

references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

Harry and Helen Williamson (decedent) were married in California in 1947, and resided in California until decedent's death on June 30, 1987.  Real estate constituted the majority of the spouses' community property assets, while a lesser amount of their community assets consisted of personal property.  At all times during the marriage of decedent and Harry Williamson, Harry exercised dominion, management, and control over all the couple's community assets, and legal title to the community real estate stood solely in Harry's name.

Under decedent's will, she confirmed to Harry his one-half interest in their community property and intended to dispose of her one-half interest.  After decedent's death, decedent's executor in September 1987 made demand upon Harry Williamson for identification and transfer of decedent's one-half interest in the community assets. A dispute then arose between decedent's executor and Harry concerning the identification and transfer of decedent's one-half interest in the community assets.  As a result, decedent's executor brought an action in the California State courts to establish the claim of decedent's estate to the community assets, seeking an order directing a transfer of the property to decedent's estate.  Both decedent's estate and Harry Williamson were represented by counsel in this action.  The

action by decedent's executor against Harry Williamson was begun on January 21, 1988.

Because decedent died on June 30, 1987, the Form 706, United States Estate Tax Return, was originally due to be filed on or before March 30, 1988. Given the dispute between decedent's estate and her surviving husband and the pending litigation regarding decedent's assets, decedent's estate, petitioner herein, filed a request for extension of time (Form 4768) in which to file its Federal estate tax return on January 29, 1988. A statement was attached to the request for extension of time, which explained that because of the pending dispute between decedent's estate and Harry Williamson, the executor had been unable to identify, inventory, or marshal the assets of decedent's estate. The extension of time requested was until September 30, 1988, and this request was granted by respondent.

The Federal estate tax return was duly filed timely by petitioner on September 30, 1988. To that return were attached, inter alia, a copy of decedent's last will and testament; a copy of the California probate court order appointing the executor of decedent's estate; and a copy of the Form 4768, which was petitioner's request for an extension of time to file a Federal estate tax return, and which included an explanation on that extension request form--that because of the ongoing dispute between decedent's estate and Harry Williamson, it was impossible at the time to identify or value the assets that were returnable

as part of decedent's taxable estate. The estate tax return itself accordingly did not disclose any such information with respect to these items.

Harry Williamson died on September 11, 1990. Thereafter, petitioner and Mr. Williamson's estate agreed to a settlement of petitioner's community property claim, and the probate court order approving the settlement was entered on January 14, 1991. Pursuant to that settlement, petitioner received from Harry Williamson's estate cash and real property valued at $3,604,750. A final inventory showing the property and valuation thereof was received September 16, 1991.

Respondent issued a notice of deficiency to petitioner on account of decedent's Federal estate tax dated September 21, 1994. In that statutory notice, respondent correctly determined that the value of decedent's gross estate exceeded in amount 25 percent of the gross estate stated in decedent's estate tax return, which was $30,231.81. Petitioner thereafter duly brought the present action in this Court, challenging respondent's determination on the merits and also alleging that respondent's determination was invalid because it was not issued within 3 years from the time the estate tax return herein was filed.[1] Respondent's answer herein asserts that the assets omitted from the gross estate in the estate tax return filed by petitioner are

_____

[1] An affirmative defense, the statute of limitations issue was properly raised in the petition under Rule 39.

in excess of 25 percent of the gross estate that the estate tax return reported, and that respondent's notice of deficiency was issued prior to 6 years from the time the estate tax return herein was filed.

Petitioner now brings this motion for partial summary judgment, on the ground that the effective statute of limitations herein for the determination of an estate tax deficiency was 3 years, under the general rule of section 6501(a). Since petitioner's motion, if granted, would dispose of the instant case entirely, we shall treat petitioner's motion as one for complete summary judgment.

Under Rule 121(b), the Court may consider and dispose of a motion for summary judgment if the facts "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law * * * ". In deciding a motion for summary judgment, however, a Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought * * * with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute". Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975); United States v. Augspurger, 452 F. Supp. 659, 664 (W.D.N.Y. 1978). See also Estate of Ashenhurst v. Commissioner, T.C. Memo. 1982-102.

In making the findings of fact which we have recited above, we have relied solely upon the facts as stipulated by the

parties. We conclude accordingly that there is no dispute as to any material fact and that we may proceed to dispose of this case as a matter of law.

The general period of limitations in both income and estate and gift tax cases is 3 years, measured from the date the return is filed until respondent issues the appropriate statutory notice of deficiency. Sec. 6501(a). Various exceptions to the general 3-year rule are provided by the statute, for such things as the filing of fraudulent returns, the failure to file a return, an agreement between the parties extending the time, etc. Of particular interest to us in this case are the provisions of section 6501(e), which provide in relevant part as follows:

(e) Substantial Omission of Items.--except as otherwise provided * * *

(1) Income Taxes.--In the case of any tax imposed by subtitle A--

(A) General Rule.--If the taxpayer omits from gross income an amount properly includable therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph--

* * * * * * *

(ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

* * * * * * *

     (2) Estate and Gift Taxes.--In the case of a return of estate tax under chapter 11 or return of gift tax under chapter 12, if the taxpayer omits from the gross estate or from the total amount of the gifts made during the period for which the return was filed items includible in such gross estate or such total gifts, as the case may be, as exceed in amount 25 percent of the gross estate stated in the return or the total amount of gifts stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed.  In determining the items omitted from the gross estate or the total gifts, there shall not be taken into account any item which is omitted from the gross estate or from the total gifts stated in the return if such item is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

The corresponding regulations are of like import.  See sec. 301.6501(e)-1(a) and (b), Proceed. & Admin. Regs.

Although no estate tax cases have been found interpreting section 6501(e)(2) of the code,[2] an examination of section 6501(e)(1) and (2) shows that the two are in pari materia in dealing with the same subject--the application of the statute of limitations--and, accordingly, we may give due consideration to income tax cases in deciding estate tax cases on this same subject.

---

    [2]  Only two gift tax cases have been found: <u>Daniels v. Commissioner</u>, T.C. Memo. 1994-591 (involving facts not relevant here), and <u>Estate of Robinson v. Commissioner</u>, 101 T.C. 499, 516 (1993), where the Court emphasized that the 6-year statute of limitations would not be applied when the return was sufficient to apprise the service of the nature and amount of the omitted item.

In The Colony, Inc. v. Commissioner, 357 U.S. 28, 36 (1958) (an income tax case), the Supreme Court, interpreting the meaning of this statutory language, said:

> We think that in enacting section 275(c) [the predecessor of section 6501] Congress manifested no broader purpose than to give the Commissioner an additional 2 [now 3] years to investigate tax returns in cases where, because of a taxpayer's omission to report some taxable item, the Commissioner is at a special disadvantage in detecting errors. In such instances the return on its face provides no clue to the existence of the omitted item. On the other hand, when, as here, the understatement of a tax arises from an error in reporting an item disclosed on the face of the return, the Commissioner is at no such disadvantage * * *.

This Court has interpreted the Supreme Court's "clue" standard to mean not "a detailed revelation of each and every underlying fact", but also that it "does not simply mean a 'clue' which would be sufficient to intrigue a Sherlock Holmes." Quick Trust v. Commissioner, 54 T.C. 1336, 1347 (1970), affd. 444 F.2d 90 (8th Cir. 1971). Furthermore, in interpreting this statutory language (common to both income and estate tax provisions) in section 6501(e), relating to the omission as "disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item", we have held that disclosure of the omitted material is adequate, even without disclosing exact dollar amounts. Quick Trust v. Commissioner, supra; University Country Club, Inc. v. Commissioner, 64 T.C. 460, 470 (1975); Morris v. Commissioner, T.C. Memo. 1966-245. The disclosure statement however must be sufficiently detailed so that a decision whether to select the

return for audit may be a reasonably informed one. Estate of Frane v. Commissioner, 98 T.C. 341, 355 (1992), affd. in part and revd. in part 998 F.2d 567 (8th Cir. 1993).

In this case, the application for extension of time to file the estate tax return included a written statement as to the reasons for requesting the delay: that because of a dispute between decedent's estate and her surviving husband, the estate was unable to list and value the items of the estate that should be returned. When the Federal estate tax return of decedent was filed on September 30, 1988, those facts were still unknown, but that extension of time form, with its explanatory statement, was attached to the return. We think this extension of time (with explanation), which was adhered to by petitioner, was a "statement attached to the return" and thus falls within the language of section 6501(e)(2). It gave adequate notification to respondent of petitioner's failure to itemize and value specific items of decedent's gross estate that concededly should be returned for estate tax purposes, and the reasons therefor. The estate tax return itself said nothing to the contrary. In fact, as the stipulated facts show, petitioner did not find out the items of the gross estate, and their value, which properly formed part of decedent's gross estate, until September 19, 1991.

Under these circumstances, we agree with petitioner that the general 3-year statute of limitations applies in this case rather than the 6-year statute of limitations provided by section

6501(e)(2).  Accordingly, since the parties have stipulated that the statutory notice of deficiency herein was issued more than 3 years after the estate tax return was filed, such notice of deficiency was barred by the statute of limitations. Petitioner's motion for partial summary judgment will be granted.

<u>An order granting petitioner's motion for partial summary judgment and a decision for petitioner will be entered</u>.